UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Gregory L. Cracolice,

        Plaintiff,

  v.

Commissioner of Social Security,[1]

        Defendant.

**Decision and Order**

17-CV-283 HBS
(Consent)

## I. INTRODUCTION

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act prior to January 1, 2014. The Commissioner has concluded that plaintiff was disabled as of that date.

  The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

  "The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous

2

work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that his impairments prevent him from returning to his previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff has raised the principal argument that the ALJ did not consult a medical advisor to determine the disability onset date, and that the date chosen was arbitrary. "In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) *should* call on the services of a medical advisor when onset must be inferred." Titles II & XVI: Onset of Disability, SSR 83-20, 1983 WL 31249, at *3 (Jan. 1, 1983) (emphasis added). While semantic context matters, the word "should" is understood generally to imply a duty or obligation. *See, e.g., In re Reserve Fund Sec. & Derivative Litig.*, 275 F.R.D. 154, 161 (S.D.N.Y. 2011) (citations omitted); *Bord v. Rubin*, No. 97 CIV. 6401 (MBM), 1998 WL 420777, at *4 (S.D.N.Y. July 27, 1998) (citations omitted). In the context of the Commissioner's obligation to develop a full record, the ALJ needed to bring in a medical advisor unless the record had been unambiguous about a disability onset date occurring on or around January 1, 2014. *See Plumley v. Astrue*, No. CIV.A. 2:09-CV-42, 2010 WL 520271, at *8 (D. Vt. Feb. 9, 2010) ("While SSR 83–20 does not mandate that a medical advisor be called in every case, courts have construed this step to be 'essential' when the record is ambiguous regarding onset date.") (citations omitted). The ALJ did

4

not consult a medical advisor, and the record is not clear about the significance of the onset date chosen. Some medical records indicate that plaintiff delayed knee replacement surgery until September 2014; those records indicate further that plaintiff was capable of water exercises and biking well into 2014. [932.] That information might suggest pushing the disability onset date forward. On the other hand, the record contains suggestions of significant physical impairment as far back as late 2012 going into late 2013. [343, 985.] *Cf. Thomas v. Chater*, 104 F.3d 356, 1996 WL 730490, at *2 (2d Cir. Dec. 18, 1996) (table case) (affirming onset-date determination as supported by substantial evidence, where medical advisor helped resolve ambiguity); *Stokes v. Comm'r*, No. 10-CV-0278 JFB, 2012 WL 1067660, at *13 (E.D.N.Y. Mar. 29, 2012) (medical advisor needed to resolve onset date related in part to knee impairment) Meanwhile, no particular threshold medical event occurred on or around January 1, 2014. *Cf. Telfair v. Astrue*, No. 04 CIV. 2122 (JGK), 2007 WL 1522616, at *8 (S.D.N.Y. May 15, 2007) ("The record in this case contains a complete lack of any explanation for why an onset date of March 1, 1994, was chosen."). Under these circumstances, consulting a medical advisor would be helpful in pinpointing a disability onset date.

Plaintiff also raised an issue about how the Commissioner addressed his ability to handle stress and anxiety. The Court will not address the issue at this time. Upon remand, the Commissioner is free to take another look at that issue as might be appropriate.

## III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13). The Court grants plaintiff's cross-motion (Dkt. No. 11) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

_/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: March 21, 2019